UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

STEVEN P. ISSAC,

        Plaintiff,

-v-

CAROLYN W. COLVIN,
Acting Commissioner of Social Security

        Defendant.

Case No. 3:13-cv-125

Judge Thomas M. Rose
Chief Magistrate Judge Sharon L. Ovington

_____

ENTRY AND ORDER OVERRULING ISSAC'S OBJECTIONS (Doc. #11) TO THE CHIEF MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (Doc. #10); ADOPTING THE CHIEF MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS IN ITS ENTIRETY; AFFIRMING THE COMMISSIONER'S NON-DISABILITY FINDING AND TERMINATING THIS CASE
_____

Steven P. Issac ("Issac") brought this action pursuant to 42 U.S.C. § 405(g) for judicial review of the decision of the Defendant Commissioner of Social Security (the "Commissioner") that he is not disabled and, therefore, not entitled to Social Security disability benefits. On June 27, 2014, Chief United States Magistrate Judge Sharon L. Ovington entered a Report and Recommendation (doc. #10) recommending that the Commissioner's decision that Issac was not disabled be affirmed. Issac subsequently objected and the Commissioner has responded to Issac's Objections. This matter is, therefore, ripe for decision.

Issac sought financial assistance from the Social Security Administration by applying for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") benefits in January of 2009. Issac claimed that he had been disabled and unable to work since March 24, 2008 due to: crippled hands; back condition; poor breathing; hot/cold sensations in legs; and a

chest hernia. .

The Commissioner denied Issac's application initially and on reconsideration. Administrative Law Judge ("ALJ") Carol K. Bowen ("Bowen") held a hearing following which she determined that Issac was not disabled. The Appeals Council denied Issac's request for review and ALJ Bowen's decision became the Commissioner's final decision. Issac then appealed to this Court pursuant to 42 U.S.C. §405(g).

As required by 28 U.S.C. §636(b) and Federal Rules of Civil Procedure Rule 72(b), the District Judge has made a de novo review of the record in this case. Based upon the reasoning and citations of authority set forth in the Chief Magistrate Judge's Report and Recommendations (doc. #10) and in Issac's Objections (doc. #11), as well as upon a thorough de novo review of this Court's file and a thorough review of the applicable law, this Court affirms the Commissioner's decision that Issac was not disabled in accordance with the Social Security Act.

This Court's function is to determine whether the record as a whole contains substantial evidence to support the ALJ's decision. *Bowen v. Commissioner of Social Security*, 478 F.3d 742, 745-46 (6th Cir. 2007). This Court must also determine whether the ALJ applied the correct legal criteria. *Id.*

Regarding the substantial evidence requirement, the ALJ's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citing *Consolidated Edison Company v. NLRB*, 305 U.S. 197, 229 (1938)); *Landsaw v. Secretary of Health and Human Services,* 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a

matter of law) against the ALJ/Commissioner if this case were being tried to a jury. *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988); *NLRB v. Columbian Enameling and Stamping Company*, 306 U.S. 292, 300 (1939).

The second judicial inquiry - reviewing the ALJ's legal criteria - may result in reversal even if the record contains substantial evidence supporting the ALJ's factual findings. *See Bowen*, 478 F. 3d at 746. A reversal based on the ALJ's legal criteria may occur, for example, when the ALJ has failed to follow the Commissioner's "own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." Bowen, 478 F.3d at 746 (citing in part *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

In this instance, the ALJ applied the correct legal criteria and the record as a whole contains substantial evidence to support the ALJ's decision. As a result, Issac's Objections to the Chief Magistrate Judge's Report and Recommendations are OVERRULED. Further, the Chief Magistrate Judge's Report and Recommendations is adopted in its entirety. The Commissioner's decision that Issac was not disabled is AFFIRMED.  Finally, the captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

DONE and ORDERED in Dayton, Ohio this Fifteenth Day of June, 2014.

                                                    **s/Thomas M. Rose**
                                              THOMAS M. ROSE
                                      UNITED STATED DISTRICT JUDGE

Copies furnished to:  Counsel of Record